**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-5180**

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

ZLJAHUC LOGAN JAMES,

        Defendant – Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Beaufort.   Sol Blatt, Jr., Senior District
Judge.  (9:08-cr-00821-SB-1)

Submitted:  September 23, 2010     Decided:  October 14, 2010

Before AGEE and WYNN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Janis Richardson Hall, Greenville, South Carolina, for
Appellant.  Robert Nicholas Bianchi, OFFICE OF THE UNITED STATES
ATTORNEY, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Zljahuc Logan James appeals the 132-month sentence imposed following his guilty plea to interference with commerce by robbery, in violation of 18 U.S.C. § 1951 (2006), and using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C.A. § 924(c)(1) (West 2000 & Supp. 2010).[*]  James's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning whether the district court failed to adequately explain James's sentence.  James has not filed a pro se brief, though he was advised of his right to do so.  Finding no reversible error, we affirm.

The sole issue raised by counsel in the Anders brief is whether the district court committed procedural error by failing to adequately explain James's sentence.  In reviewing a sentence, we must first ensure that the district court did not commit any "significant procedural error," such as failing to properly calculate the applicable Guidelines range, failing to consider the 18 U.S.C. § 3553(a) (2006) factors, or failing to adequately explain the sentence.  Gall v. United States, 552

---

[*] The sentence consists of twelve months on the robbery count and a consecutive mandatory statutory sentence of 120 months on the firearm count.

U.S. 38, 51 (2007).  The district court is not required to "robotically tick through § 3553(a)'s every subsection." United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006).  However, the district court "must place on the record an 'individualized assessment' based on the particular facts of the case before it.  This individualized assessment need not be elaborate or lengthy, but it must provide a rationale tailored to the particular case at hand and adequate to permit 'meaningful appellate review.'" United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (quoting Gall, 552 U.S. at 50) (internal footnote omitted).  Further, in imposing a variant sentence, as was imposed on the robbery count, the district court "must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance."  Gall, 552 U.S. at 50.

Because counsel raises the claimed error for the first time on appeal, we review for plain error.  United States v. Lynn, 592 F.3d 572, 577 (4th Cir. 2010).  To demonstrate plain error, a defendant must show that: (1) there was an error; (2) the error was plain; and (3) the error affected his "substantial rights." United States v. Olano, 507 U.S. 725, 732 (1993).  Our review of the record leads us to conclude that the district court did not commit reversible procedural error in imposing James's variant sentence.

3

We consider the substantive reasonableness of the sentence, taking into account the totality of the circumstances. Gall, 552 U.S. at 51. We may not presume an outside-Guidelines sentence is unreasonable. Id. We "may consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." Id. On review, we conclude that the district court did not commit substantive error in imposing the downward variant sentence on the robbery count.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform James, in writing, of his right to petition the Supreme Court of the United States for further review. If James requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on James. We dispense with oral argument because the facts and legal conclusions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4